IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WENDY EVANS | § | |
| | § | |
| V. | § | A-10-CA–518-LY |
| | § | (A-08-CR-467(1)-LY) |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Evans' Motion for Modification of Restitution Order Pursuant to 18 U.S.C. § 3664(k) (Clerk's Doc. No. 49) and the Government's response (Clerk's Doc. No. 56) filed January 13, 2011.  The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## I.  GENERAL BACKGROUND

On December 16, 2008, Movant Wendy Evans ("Evans"), was charged in a ten-count indictment with mail fraud, in violation of 18 U.S.C. § 1341.  On March 18, 2009, Evans entered into a plea agreement with the United States wherein she agreed to enter a plea of guilty to counts eight, nine and ten of the indictment.  The United States, in-turn, agreed to dismiss counts one through seven of the indictment, and not pursue other Title 18 offenses against Evans.  On March 20, 2009, Evans formally entered a plea of guilty to count eight, nine and ten of the indictment at re-arraignment, pursuant to the aforementioned plea agreement. On July 7, 2009, the District Court sentenced Evans to a 57-month term of imprisonment, followed by a three-year term of supervised

release, ordered that Evans pay a $300 mandatory assessment fee, and pay restitution in the amount of $824,142.67. In compliance with the terms of the plea agreement, a direct appeal was not taken in this case. On July 12, 2010, Evans filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. She filed the instant motion on August 26, 2010.

## II. DISCUSSION

Evans requests that the District Court modify its Restitution Order. She alleges that she does not have the financial resources to pay $842,142.67 in restitution as she makes approximately $14.00 per month in the Bureau of Prisons and her monthly Inmate Financial Responsibility Payment ("IFRP") is $25.00. Alternatively, Evans requests that her payment be modified to 10% of her institutional employment salary. The record shows that the District Court did not set out a payment schedule in its Judgment. The Government responds that Evans is actually challenging the validity of her IFRP payment plan, which is administered by the Bureau of Prisons. A challenge to BOP administrative programs must be brought pursuant to 28 U.S.C. § 2241 and brought in the district of incarceration. Thus, the Government argues, this Court does not have jurisdiction over Evans' request.

The Fifth Circuit has held that prisoners cannot use § 3664(k) as a vehicle to suspend or modify IRFP payments as Evans attempts to do here, but must bring such claims pursuant to 28 U.S.C. § 2241. *United States v. Diggs*, 578 F.3d 318 (5th Cir. 2009). Evans' claims are properly brought pursuant to § 2241, and as such, are properly brought in the district where she is incarcerated. *Kinder v. Purdy*, 222 F.3d 209 212 (5th Cir. 2000); *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). This is because the court must have jurisdiction over the prisoner or his custodian at the time a § 2241 petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001). The record

indicates Evans is presently confined at the Federal Correctional Institution located in Greenville, Illinois. Therefore, this court lacks jurisdiction to consider Evans' requested relief. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999) (district court lacked jurisdiction to entertain § 2241 because petitioner was not incarcerated in the district).

### III.  RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that Evans' Motion for Modification of Restitution Order Pursuant to 18 U.S.C. § 3664(k) (Clerk's Doc. No. 49) be **DISMISSED** for lack of jurisdiction.

### IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of February, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE